**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 67442923
Date: Mar 31 2022 12:00AM
Christopher G. Scott, Chief Clerk
Civil Division

**Exhibit A**

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

14458
JNB
P/d

ALEE WALTON, individually and on
Behalf of Alyeshia Walton, Deceased

c/o 191 Peachtree Street, Ste 4200

Atlanta, GA 30303

Plaintiff's Name, Address, City, State, Zip Code

vs.

SELAM EXPRESS, INC.
C/O Hailu K. Zemichael

1836 Hooper Court

Charlotte, N.C.  28212

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $_____ |
| [  ] SPECIAL LIEN | |
| [X] NEW FILING | |
| [  ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: ___Evan T. Rosenberg, Esq._____

Address: ___191 Peachtree Street, Ste 4200_____

City, State, Zip Code: ___Atlanta, GA 30303_____     Phone No.: ___404-496-7305_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20____.     _____
                                                      DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
\*\*\*EFILED\*\*\*
File & ServeXpress
Transaction ID: 67442923
Date: Mar 31 2022 12:00AM
Christopher G. Scott, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| ALEE WALTON, Individually and on Behalf of the Estate of Alyeshia Walton. Deceased<br><br>**PLAINTIFF,**<br><br>v.<br><br>**SELAM EXPRESS, INC**<br><br><br>**DEFENDANT.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CIVIL ACTION FILE NO.** 22EV002070 _____

**JURY TRIAL DEMANDED**

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff ALEE WALTON, Individually and on Behalf of the Estate of Alyeshia Walton, Deceased, and states her Complaint against Defendant SELAM EXPRESS, INC. as follows:

1.

Plaintiff, Alee Walton is the mother of Alyeshia Walton, Deceased and is a citizen of the State of Georgia.

2.

Plaintiff, Alee Walton states her intention to bring each and every claim permissible under Georgia law for the wrongful death of Alyeshia Walton, Deceased. Plaintiff seeks all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, and punitive damages permissible under Georgia law.

3.

Defendant SELAM EXPRESS, INC. (hereinafter "SELAM") is a foreign business corporation authorized to do business in the State of Georgia. Defendant Selam's principal place of business is 5500

Executive Center Drive, Suite 214, Charlotte, North Carolina 28212. Defendant SELAM is subject to the jurisdiction of this Court, and may be served by issuing Summons and a second original of this Complaint to their registered agent: Hailu K. Zemichael, 1836 Hooper Court, Charlotte, North Carolina 28212.

4.

Venue is proper in Fulton County, Georgia.

5.

Defendant SELAM is subject to the jurisdiction and venue of this Court pursuant to O.C.G,A. . § 40-1-117(b).

6.

On or about March 4, 2022, Alyesia Walton, deceased was a passenger in a 2011 Ford Escape vehicle travelling I-85 North in Fulton County, Georgia

7.

At the same time, Semer Keflay was operating a 2013 Volvo tractor-trailer travelling on I-85 North in the "no trucks" allowed lane resulting in the collision of the vehicles.

8.

At the time of the collision, the 2013 Volvo tractor trailer truck was owned, controlled or leased by Defendant SELAM. Upon information and belief, at the time of the subject collision, Semer Keflay was an employee and/or agent driver of Defendant SELAM Upon information and belief, at the time of the subject collision, Defendant Semer Keflay was driving the subject truck with the permission of Defendant SELAM.

9.

Semer Keflay while driving Defendant SELAM's 2013 Volvo tractor trailer truck failed to keep a proper distance and lookout for other drivers on the highway causing a collision with the other vehicle.

10.

As a direct and proximate result of Defendant's negligence, jointly and severally, Alyeshia Walton sustained catastrophic injuries, experienced conscious pain and suffering and died at the scene.

11.

Semer Keflay was negligent in operating the 2013 Volvo tractor trailer truck.

12.

Semer Keflay's negligence included, but is not limited to, one or more of the following: illegal travel on Interstate highways; (O.C.G.A. § 40-6-51); wrong lane of travel (O.C.G.A. § 40-6-52(b); slower than reasonable or prudent speed on interstate, minimum speed limits (O.C.G.A. 40-6-184); sufficient lighting or markings as required by FMCSR (O.C.G.A. 40-8-20); rear reflective tape absent in sections; read lighting was in state of disrepair; and operating commercial vehicle in a safe manner (O.C.G.A. § 40-1-8) and any other acts of negligence that may be proven at trial.

13.

Semer Keflay failed to operate the 2013 Volvo tractor trailer truck with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner sowing a disregard for the safety of others, including Alyeshia Walton, Deceased.

14.

Semer Keflay's actions constitute negligence by engaging in a driving manner which was ill-timed and improper, causing danger injuries, damages, losses, physical pain, and emotional distress to the wrongful death of Alyeshia Walton, Deceased.

15.

Defendant was negligent in failing to adhere to routine and common industry standards regarding operation, inspection, and maintenance of the motor vehicle at issue. Defendant was negligent in failing to properly inspect, maintain, and operate the equipment being utilized to ensure it was safe to do so, and in negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Alyeshia Walton, Deceased.

16.

Defendant's actions constituted negligence in operating the vehicle contrary to the reasonable and safe conditions and circumstances then existing.

17.

Upon information and belief, at all relevant times, Semer Keflay was acting at the direction an under the control of Defendant SELAM . Further Semer Keflaywas operating the 2013 Volvo tractor trailer truck in the course and scope of his employment with Defendant SELAM with its permission.

18.

Defendant SELAM is liable for the actions and omissions of Semer Keflay through *respondeat superior* and agency principles because, at all relevant times, Semer Keflay was acting within the scope of his employment and/or agency.

19

Defendant SELAM negligently hired, supervised, trained, and retained Semer Keflay and negligently entrusted motor vehicle operation responsibilities to Semer Keflay Smith. Defendant SELAM negligently failed to implement and utilize proper procedures to evaluate Semer Keflay's skills and expertise for the operation of said motor vehicle.

20.

Defendant had knowledge of, or in the exercise of reasonable care, should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by its actions, Defendant is liable for the negligent supervision, hiring, training, and retention of its management, agents, and employees and the entrustment of said motor vehicle to said management, agents, and employees.

21.

Defendant is negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Alyeshia Walton, Deceased. Specifically, Defendant SELAM knew that Semer Keflay was an unsafe driver and negligently did not take adequate measures to prevent Semer Keflay from driving its 2013 Volvo tractor trailer truck.

22.

Defendant is negligent *per se*.

23.

Defendant is negligent for all other acts of negligence as may be shown at trial.

24.

The injuries, conscious pain and suffering, and death sustained by Alyeshia Walton, Deceased were the direct and proximate result of the negligence of the Defendant. But for said negligence, Alyeshia Walton, Deceased would not have suffered injuries, experienced conscious pain and suffering, and died.

25.

As a proximate and foreseeable result of the negligence of Defendant, Alyeshia Walton, deceased, received serious injuries, endured pain and suffering, mental anguish, death, loss of the enjoyment of life, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiff Alee Walton, is entitled to recover the full value of the life of Alyeshia Walton, Deceased for her wrongful death, and all other elements of damages allowed under Georgia law. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law, including but not limited to:

a) Personal injuries;

b) Pain and suffering;

c) Mental anguish;

d) Loss of the enjoyment of life;

e) Wrongful death;

f) Damages for all elements of the full value of Alyeshia Walton's life, tangible and intangible;

g) Funeral expenses;

h) Incidental expenses;

    i)  Past, present, and future loss of earnings; and

    j)  Consequential damages to be proven at trial

Plaintiff, Alee Walton, is entitled to recover for the injuries and conscious pain and suffering sustained by Alyeshia Walton, Deceased, prior to her death, any funeral expenses, and all other elements of damages allowed under Georgia law.  Plaintiff states her intention to seek all compensatory special, economic, consequential, general, punitive, estate, and all other damages permissible under Georgia law.

26.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendant and one or more or all above stated acts were the proximate causes of the injuries to and death of Alyeshia Walton, Deceased.  Defendant is jointly and severally liable for the wrongful death of Alyeshia Walton and all damages recoverable under Georgia law.

27.

By engaging in the above-described conduct, Defendant acted in an intentional, malicious, fraudulent, reckless, willful and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of Defendant is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. 51-12-5.1 to penalize and punish Defendant for its misconduct and to deter Defendant from engaging in such aggravating and fraudulent conduct in the future.

28.

Plaintiff is entitled to an award of punitive damages because Defendant's acts and omissions showed willful misconduct, malice, fraud, wantonness, oppression or an entire want of care, which would raise the presumption of conscious indifference to consequences and/or a

specific intent to cause harm as defined by O.C.G.A. § 51-12-5.1. Plaintiff Alee Walton is accordingly entitled to recover punitive damages from the Defendant, in accordance with the enlightened conscience of an impartial jury.

29.

Defendant's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, Plaintiff pray that:

(a) Process issue as provided by law;

(b) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendant;

(c) Plaintiff be awarded past, present, and future damages permitted under Georgia law in an amount to be proven through the evidence at the time of the trial for the past, present and future;

(d) Plaintiff Alee Walton be awarded all damages for the wrongful death of Alyeshia Walton and all general, special, compensatory, economic and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendant and as permitted under Georgia law;

(e) Plaintiff Alee Walton will recover any and all damages allowed by law, including for conscious pain and suffering as well as punitive damages from Defendant in accordance with the enlightened conscience of an impartial jury;

(f)  Plaintiff have a trial by jury of twelve;

(g)  Plaintiff have such other relief as this Court deems just and proper.


This  31st   day of March, 2022.

Respectfully submitted,

/s/ Evan T. Rosenberg

_____
EVAN T. ROSENBERG, ESQ.
Georgia Bar No. 279825
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC.
191 Peachtree Street, N.E., Ste 4200
Atlanta, Georgia 30303
Tel:  (404) 496-7305
Fax: (404) 496-7415
erosenberg@forthepeople.com